

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ADG:SP/VC/JDT
F. #2023R00389

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 28, 2026

By ECF

The Honorable Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Abu Chowdhury, et al.
                Criminal Docket No. 23-278 (NRM) (S-2)

Dear Judge Morrison:

      The government respectfully submits this letter in response to Your Honor's February 24, 2026 order (ECF No. 432) (the "Order") regarding the government's motions in limine (see ECF Nos. 412, 423, 424, 430, 431) filed in anticipation of the trial of defendants Iffat Lubna and Ruhel Choudhury on Counts Three through Six of the above-referenced superseding indictment, which is scheduled to begin on March 23, 2026. The government appreciates and supports the Court's objective "to resolve as many . . . disputes in advance of trial as possible" (Order at 5) and is therefore working expeditiously to comply with the Order and facilitate an efficient presentation of evidence at trial. To that end[1]:

1. The government respectfully requests that the Court advance the date of the final pre-trial conference from March 18, 2026, to a date and time convenient for the Court during the preceding week of March 9, 2026. The government makes this request to permit the Court and parties sufficient time to resolve pre-trial disputes and for the parties to adjust their cases, if necessary, according to the Court's rulings, thereby streamlining the trial for the Court and jury.

2. To further achieve the Court's objective of an efficient trial, the government intends to produce an exhibit list to the defendants on Monday, March 2, 2026, which will include any certifications in its possession establishing authenticity pursuant to Federal Rules of Evidence 902(11), 902(13), and 902(14). For this reason, the government respectfully

---

    [1]    As permitted by the Order at 4–5, the government reserves its right to supplement this submission with additional records or statements that the government determines in the future it may need to rely on at trial.

requests that the deadline for the parties' letter addressing any areas of disagreement concerning the authentication of the business records be advanced to March 9, 2026, as well as to accommodate the requested earlier date for the pre-trial conference. Furthermore, if the Court were to determine that custodians must testify to authenticate the business records, the additional witnesses' testimonies would likely impact the duration of the trial. The government identifies this contingency as another basis for its request to advance the date for the pre-trial conference.

3. To aid the Court and jury, several of the government's exhibits, including those addressed by the Order regarding its fourth and fifth motions in limine, are transcriptions and translations of audio or video recordings. Although the government has previously provided drafts of these transcriptions and translations to the defense, the government anticipates providing the defendants with final versions for the jury by Wednesday, March 4, 2026. Therefore, for the same reasons expressed above, the government respectfully requests that the defendants be ordered to raise any arguments regarding the accuracy of the translations at least 48 hours before the requested advanced date of the pre-trial conference.

4. In response to the Court's direction regarding the government's second, third, fourth, and fifth motions in limine, the government attaches as Exhibits A through P the records or statements it seeks to introduce at trial that are implicated by these motions.[2]

    a. Exhibit A is a "transcript of the 911 call indicating which portions [the government] seeks to introduce at trial." Order at 2. Pursuant to the Court's suggestion, Exhibit A indicates the portions of the 911 call that the government does not seek to introduce at trial by yellow highlights.

    b. For ease of the defendants' and Court's reference, Exhibit B is an excerpt of 94 of the 851 produced pages of John Doe-2's hospital records, which excerpt the government submits is admissible in its entirety for the reasons articulated in the government's motion in limine and reply brief (ECF Nos. 412 and 430). Pursuant to the Order, portions of the excerpted hospital records that "contain[] John Doe-2's statements" are highlighted in yellow. Order at 3.

    c. Exhibit C through Exhibit P are statements of the defendants, co-conspirator Abu Chowdhury, victims John Doe-2 or John Doe-3, and certain non-parties, which the government submits are admissible in their entirety for the reasons articulated in its motions in limine and reply brief. Specifically, they are:

---

[2] Out of an abundance of caution, the government notes that these submissions of course do not encompass defendant, co-conspirator, victim, or non-party statements about which witnesses may testify at trial (see ECF No. 412 at 20). On this point, the government provided to the defense its initial production of materials pursuant to 18 U.S.C. § 3500 on February 2, 2026, and has been making, and will continue to make, supplemental productions on an ongoing basis.

2

     i.     Text messages (including translations from Bengali where applicable);

     ii.    Transcriptions and translations of audio or video recordings from co-defendant Abu Chowdhury's cellphone or, in one instance involving ransom calls to John Doe-2's father, as recorded by John Doe-2's father;

     iii.   A Microsoft Teams chat between John Doe-2 and defendant Iffat Lubna;

     iv.   A transcription and translation of defendant Lubna's post-arrest statement, and a video recording of defendant Ruhel Choudhury's post-arrest statement; and

     v.    Video recordings from NYPD body-worn camera during interviews of John Doe-2 shortly after his arrival at the hospital on May 13, 2023.

Separately, the government writes to respectfully request clarification concerning the Court's decision regarding the government's fourth motion in limine. The Order states that the Court will resolve at trial the issue of whether the government has shown that the declarants of purported co-conspirator statements are co-conspirators and whether the statements are made in furtherance of the conspiracy. Certainly, the Court will make a final decision at trial about whether the government met its burden. However, "[u]nder the Second Circuit's Geaney rule, 'statements proffered as coconspirator statements may be admitted in evidence on a conditional basis, subject to the later submission of the necessary evidence' of FRE 801(d)(2)(E)'s 'four prerequisites.'" United States v. Fox, No. 23-CR-227 (NGG), 2025 WL 2076664, at *17 (E.D.N.Y. July 23, 2025) (quoting United States v. Tracy, 12 F.3d 1186, 1199 (2d Cir. 1993)); accord United States v. Konstantinovskiy, No. 19-CR-408 (MKB), 2024 WL 3360379, at *16 (E.D.N.Y. July 10, 2024) ("Courts in this Circuit appear to have almost universally followed this approach . . . ."). The Second Circuit established this process because, as Geaney itself held, of the "practicalities of a conspiracy trial" (that is, that proving conspiracy would be unduly problematic if courts could only admit co-conspirator statements under Rule 801(d)(2)(E) "when all the evidence is [already] in"), United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969) (Friendly, J.); see also United States v. Ziegler, 583 F.2d 77, 80 (2d Cir. 1978) (basis for Geaney rule is that "an entire case can not be put in simultaneously but must proceed in sequence").[3]

---

[3] A corollary of the Geaney rule is that, at the motion in limine stage, a defendant is not entitled to compel the government to identify "specific coconspirators' statements and a written explanation of the basis for admitting the statements in furtherance of the conspiracy." Fox, 2025 WL 2076664, at *18 (internal quotation marks omitted). In compliance with the Order, the government offers such identification here, but underscores this corollary as a basis to permit it to supplement that identification before or during trial.

In compliance with the Geaney protocol, based on its proffers in its motions in limine (see ECF No. 412 at 20–21; ECF No. 430 at 8–9), the government respectfully requests that the Court conditionally admit coconspirator statements at this time.[4]

                          Respectfully submitted,

                          JOSEPH NOCELLA, JR.
                          United States Attorney

By:     /s/
        Stephanie Pak
        Vincent Chiappini
        Joshua D. Tannen
        Assistant U.S. Attorneys
        (718) 254-7000

Attachments

cc:    Clerk of the Court (NRM) (by ECF and E-mail)
       Defense Counsel (by ECF and E-mail)

---

[4] The government understands that, with respect to its eighth motion in limine concerning Rule 404(b) evidence, the Court has stated its intention to defer its ruling until trial. The presentation of such evidence may impact the number of witnesses and the duration of the trial. As a result, the government requests the opportunity to present on this issue during the final pretrial conference and identifies this issue as another basis to advance the date of that conference.